# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXECUTIVE LENS LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>LEE RAPKIN and JOHN DOE dba "THE Exposer" www.youtube.com/@1aAudits Exposé,<br><br>    Defendants. | Case No. 25-cv-06048-NC<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date:   December 17, 2025<br>Time:   10:00 a.m.<br>Place:  Videoconference<br>Judge:  Hon. Nathanael Cousins |

Pursuant to the Standing Order for All Judges of the Northern District of California, this Court's July 18, 2024 Order (ECF No. 4), September 22, 2025 Order (ECF No. 9) Federal Rule of Civil Procedure 16 and Civil L.R. 16-9, plaintiff Executive Lens LLC ("Plaintiff") and defendant Lee Rapkin ("Defendant Rapkin" or "Ms. Rapkin") (collectively, the "Parties") in the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order.

## I.  JURISDICTION & SERVICE

The Parties agree that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

The Parties further agree that venue is proper in this District. pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), as a substantial portion of the events giving rise to the claims occurred here.

### A.  Plaintiff's Position:

Personal jurisdiction is proper because Defendants expressly consented to jurisdiction in this District by submitting DMCA counter-notifications pursuant to 17 U.S.C. § 512(g)(3), which designate the Northern District of California as the appropriate forum for any action arising from the disputed takedowns.

### B.  Defendant Rapkin's Position:

Ms. Rapkin agrees that personal jurisdiction is proper as to Plaintiff's claim against her. Ms. Rapkin takes no position on whether personal jurisdiction over defendant JOHN DOE dba "THE Exposer" www.youtube.com/@1aAudits Exposé ("John Doe dba the Exposer") is proper, and/or whether John Doe dba the Exposer, who has not yet appeared or been served, expressly, or otherwise, consented to jurisdiction in this District.

//
//
//
//

## II. FACTS

### A. Plaintiff's Statement of Facts

Plaintiff Executive Lens LLC is the owner, by written assignment, of the exclusive rights in and to the videos originally created and published by Christopher J. Cordova on the YouTube channel "Denver Metro Audits" (@DenverMetroAudits). In June and July 2025, Plaintiff identified 31 videos on the YouTube channel "1A Audits Exposé," operated anonymously under the alias "The Exposer," that incorporated substantial portions of Plaintiff's copyrighted works. Sixteen of those videos were Shorts and fifteen were long-form videos.

On July 4, 2025, Plaintiff submitted DMCA takedown notices ("Takedown Notices") to YouTube for 27 of the 31 videos. YouTube removed sixteen Shorts and one long-form video. The remaining ten long-form videos and three Shorts were placed in private mode by the channel owner.

On July 14, 2025, attorney Lee Rapkin submitted a blanket DMCA counter-notification to YouTube on behalf of the anonymous operator of the Exposé channel. The counter-notice purported to cover seventeen videos and asserted under penalty of perjury that each video was "significantly transformed by detailed editing and elaborate commentary throughout."

The counter-notice did not identify the client in whose name the counter-notification was submitted, despite the statutory requirement that a counter-notifying subscriber provide their name, address, and telephone number. Attorney Rapkin has refused to disclose the identity of the client since the filing of the complaint. The counter-notification also did not identify which specific videos were allegedly transformed, did not describe any transformative editing, and did not provide any factual basis for the assertion that all seventeen videos contained "elaborate commentary throughout," even though many of the videos at issue contain little or no commentary at all.

3
**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

Plaintiff issued a subpoena under 17 U.S.C. § 512(h) to Google seeking the identity of the counter-notifying party and the operator of the Exposé channel. Google declined to provide that information and stated it would not comply with a § 512(h) subpoena under the circumstances presented. As a result, the identity of the Doe defendant remains unknown. Neither Defendant Rapkin nor Google has provided any information identifying the individual who submitted the counter-notification, and Plaintiff remains unable to determine who directed the submission of the sworn counter-notice.

Subsequent to the filing of the complaint, three of the videos at issue were registered with the United States Copyright Office, and registration certificates have now been issued.

Plaintiff filed this action on July 17, 2025, seeking damages for material misrepresentations in the counter-notice and a declaration that the seventeen videos identified in the counter-notice do not qualify as fair use. Since the filing of the complaint, neither attorney Rapkin nor Google has provided any identifying information regarding the individual behind the Exposé channel.

**B.    Defendants' Statement of Facts**

Plaintiff contends that Ms. Rapkin, a Canadian attorney, violated the Digital Millennium Copyright Act ("DMCA") by representing in a DMCA counter-notice to YouTube (the "Counter Notice") that certain videos that her client allegedly posted to YouTube ("Subject Videos") fell within the fair use doctrine.  In addition to Ms. Rapkin, Plaintiff has sued John Doe dba the Exposer, who was Ms. Rapkin's client.  Plaintiff seeks to impose liability on Ms. Rapkin under the DMCA.

First, Plaintiff's claim fails because liability for a misrepresentation in a counter-notice under 17 U.S.C. § 512 of the DMCA exists *only* where damages occurred because the online service provider (here, YouTube) relied on the misrepresentation "in *replacing* the removed material or ceasing to disable access to it." 17 U.S.C. § 512(f)(2) (emphasis added). As Plaintiff concedes in the complaint, YouTube *has not* reinstated access to the

Subject Videos.

Second, Plaintiff theorizes that Ms. Rapkin "falsely represented" in the Counter Notice: "(1) that each of the 17-Videos [Subject Videos] 'was significantly transformed by detailed editing and elaborate commentary throughout'; and (2) that each video was protected by fair use and removed 'due to a mistake or misidentification.'" Compl. ¶ 54. Both theories fail. Defendant Rapkin did not act with subjective bad faith or with actual knowledge of material falsity with respect to either alleged misrepresentation and there are no alleged facts supporting these theories.

Although Ms. Rapkin has not yet voluntarily provided Plaintiff with the identity of the individual associated with the YouTube account that is the subject of the DMCA Counter-Notice, she is still considering Plaintiff's request for that information, and has not yet indicated how she would respond to a valid discovery request for that information.

### III.  LEGAL ISSUES

1. Whether Plaintiff is the owner of copyrighted works that Plaintiff alleges were infringed by John Doe dba the Exposer in the videos that are the subject of Plaintiff's Takedown Notices.

2. Whether John Doe dba the Exposer's alleged use of Plaintiff's copyrighted video content in the videos that are the subject of Plaintiff's complaint amounted to copyright infringement, including whether John Doe dba the Exposer's alleged use of the videos was subject to protection under the fair use doctrine. *See* 17 U.S.C. § 107.

3. Whether Defendants' DMCA counter-notification contained material misrepresentations in violation of 17 U.S.C. § 512(f).

4. Whether Ms. Rapkin's refusal to identify the subscriber who operates that 1a Audits Exposé is a violation of 17 U.S.C. §§ 512(f) and (g).

5. Whether Plaintiff can maintain a claim for violations of the DMCA (17 U.S.C. § 512(f)) in light of the fact that YouTube never replaced the videos that are the subject of

Plaintiff's complaint.

6. Whether Plaintiff alleged facts in the complaint (Dkt. 1) that, if true, could establish that Ms. Rapkin "knowingly materially misrepresented" that YouTube "removed or disabled by mistake or misidentification" the videos that are the subject of Plaintiff's complaint and establish a violation under the DMCA

7. Whether Plaintiff is entitled to damages, injunctive relief, or attorneys' fees under the Copyright Act or the DMCA.

## IV.   MOTIONS

Ms. Rapkin filed a Moton to Dismiss, seeking an order dismissing Plaintiff's complaint (Dkt. 1) against Ms. Rapkin, in its entirety and without leave to amend, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In the event the Court denies this motion, Ms. Rapkin anticipates pursuing other dispositive motions, including, without limitation, a motion for summary judgement.

## V.   AMENDMENT OF PLEADINGS

Plaintiff intends to file a First Amended Complaint to add claims for copyright infringement based on the recently registered works and to incorporate additional factual allegations responsive to issues raised in Defendant Rapkin's Motion to Dismiss, including allegations concerning Ms. Rapkin's misrepresentations in the DMCA counter-notification. Plaintiff's amendment will moot the pending Motion to Dismiss, and the Parties intend to confer regarding a stipulated schedule for Defendant Rapkin's response to the First Amended Complaint.

## VI.   EVIDENCE PRESERVATION

The Parties certify that they have reviewed the ESI Guidelines, and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

The Parties do not anticipate any issues concerning evidence preservation at this time but will promptly raise any disputes with the Court if they arise.

## VII. DISCLOSURES

### A. Plaintiff's Position

The Parties' Rule 26(a)(1) Initial Disclosures are due on December 10, 2025, the same date as the deadline for this Joint Statement. Plaintiff will timely serve its disclosures on that date. Plaintiff notes that Defendant Rapkin has previously declined to identify the counter-notifying party in her DMCA counter-notification, and Plaintiff anticipates that the required identification of individuals likely to have discoverable information under Rule 26(a)(1)(A)(i) may not include the subscriber who submitted the counter-notification. If Defendant Rapkin does not serve her Initial Disclosures prior to the Case Management Conference, Plaintiff will not have the ability to raise any deficiencies in those disclosures at the conference.

### B. Defendant Rapkin's Position

Ms. Rapkin will also serve her Rule 26(a) Initial Disclosures on December 10, 2025. Although Ms. Rapkin has not yet voluntarily provided Plaintiff with the identity of the individual associated with the YouTube account that is the subject of the DMCA Counter-Notice, she is still considering Plaintiff's request for that information, and has not yet indicated how she would respond to a valid discovery request for that information.

## VIII. DISCOVERY

No discovery has been conducted to date. The Parties have discussed the scope of anticipated discovery and agree that discovery should proceed in accordance with the Federal Rules of Civil Procedure and this Court's local rules.

Given the limited volume of electronically stored information (ESI) anticipated, the Parties do not presently expect to require e-discovery vendors, formal search protocols, or specialized review platforms. The Parties will cooperate in good faith to exchange relevant materials in native or reasonably usable format and will meet and confer regarding a stipulated E-Discovery Order if the need arises.

### IX. CLASS ACTION

This is not a class action.

### X. RELATED CASES

There are no related cases.

### XI. RELIEF

#### A. Plaintiff's Position

Plaintiff seeks relief under 17 U.S.C. § 512(f) for Defendants' alleged knowing and material misrepresentations in DMCA counter-notifications submitted to YouTube, including recovery of actual damages, expenses, and attorneys' fees.

Plaintiff also seeks relief for copyright infringement arising from the 1a Audits Exposé's use and publication of Plaintiff's copyrighted videos. Since the filing of the complaint, three of the videos at issue have been registered with the U.S. Copyright Office, and Plaintiff seeks the full remedies available for infringement of those registered works.

Plaintiff seeks injunctive relief prohibiting Defendants from further using, publishing, monetizing, or reposting the copyrighted videos identified in this action.

Plaintiff seeks declaratory relief only with respect to any works identified in the complaint that remain unregistered.

#### B. Defendants' Position:

As noted in Ms. Rapkin's Motion to Dismiss, Ms. Rapkin requests an order dismissing Plaintiff's complaint (Dkt. 1) against her, in its entirety and without leave to amend, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Ms. Rapkin prays for judgment as follows:

1. That Plaintiff takes nothing by reason of Plaintiff's complaint (Dkt. 1) and for judgment in favor of Defendant Rapkin;

2. That Defendant Rapkin be awarded costs of suit incurred herein; and

3. For such other and further relief as the Court deems necessary, just and proper.

//

//

**XII.    SETTLEMENT AND ADR**

Pursuant to ADR Local Rule 3-5, the Parties have reviewed the ADR Handbook, discussed it with their counsel, and come to the following conclusions: the parties are open to a Settlement Conference with a Magistrate Judge.

**XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties who have been severed and appeared in the action, Plaintiff and Ms. Rapkin, consent to the jurisdiction of Magistrate Judge Cousins for all purposes.

**XIV.    OTHER REFERENCES**

The Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**XV.     NARROWING OF ISSUES**

The parties do not believe that it is possible to narrow the issues at this time. The parties anticipate potential narrowing after discovery on ownership and counter-notice authenticity.

**XVI.    EXPEDITED TRIAL PROCEDURE**

The Parties do not believe that this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

**XVII.   SCHEDULING**

| Event | Proposed Deadline |
|---|---|
| Completion of Fact Discovery | September 30, 2026 |
| Expert Disclosures | October 31, 2026 |
| Rebuttal Expert Disclosures | November 21, 2026 |
| Completion of Expert Discovery | December 18, 2026 |
| Deadline to File Dispositive Motions | January 29, 2027 |
| Pretrial Conference | March 31, 2027 |
| Bench Trial (Estimated 2 days) | May 10, 2027 |

**XVIII.  TRIAL**

The Parties consent to a bench trial (estimated 2 days).

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has filed the required certification; no non-party interested entities other than Google LLC (YouTube) may be implicated.

Defendant Rapkin has filed the required certification and identified the following entities that have a financial interest and/or other interest in the subject matter in controversy: (1) BLP Avocats; and (2) Fonds d'assurance responsabilité professionnelle du Barreau du Québec.

## XX. PROFESSIONAL CONDUCT

Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California and will comply.

## XXI. OTHER

By signing this Joint Case Management Statement and [Proposed] Order, the counsel for each party listed below concur in its filing.

Dated: December 10, 2025

s/ Randall S. Newman
Randall S. Newman, Esq. (190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Executive Lens, LLC*

Dated: December 10, 2025

CLYDE & CO US LLP

By: */s/ Brandon K. Franklin*
    KEVIN R. SUTHERLAND
    BRANDON K. FRANKLIN
    JESSICA R. STONE

150 California Street, Suite 1500

          San Francisco, California 94111
          Telephone: (415) 365-9800
          Facsimile: (415) 365-9801
          Email: kevin.sutherland@clydeco.us
                 brandon.franklin@clydeco.us
                 jessica.stone@clydeco.us

*Attorneys for Defendant.*
*Lee Rapkin*

## **CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

          NATHANAEL COUSINS, UNITED STATES MAGISTRATE JUDGE