1  Steven C. Vondran, Esq. [SBN 232337]
   **THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
2  620 Newport Center Drive, Suite 1100
   Newport Beach, CA 92660
3  Telephone: (877) 276-5084
   E-mail:  steve@vondranlegal.com
4
5  Attorney for JOHN DOE SUBSCRIBER

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11
   EXECUTIVE LENS LLC,
12                                          Case No. 5:25-cv-06048-NC

13     Plaintiff,
                                            **DEFENDANT JOHN DOE**
14     v.                                   **OPPOSITION TO PLAINTIFF'S**
                                            **MOTION TO COMPEL**
15                                          **DISCLOSURE OF DOE**
                                            **SUBSCRIBER'S NAME,**
16  LEE RAPKIN, JOHN DOE et al.,            **ADDRESS, AND TELEPHONE**
                                            **NUMBER FROM DOES**
17     Defendants.                          **FORMER ATTORNEY.**
                                            **[DOCKET #18] RESPONSE**
18
19

20

21         TO THE COURT AND ALL PARTIES OF RECORD, COMES NOW JOHN
22
23  DOE DEFENDANT responding to the Court's call for a response to Docket #18
24  regarding Plaintiff's attempt to seek DOE DEFENDANT'S name, address, and phone
25
26
27
                                        2

number to identify DOE DEFENDANT from his legal counsel, so Plaintiff can add him to the lawsuit.

## I. INTRODUCTION

Plaintiff seeks extraordinary relief: an order compelling disclosure of the DOE Subscriber's full legal name, physical address, and telephone number in order to amend its complaint and effectuate service. This request is not a routine Rule 26 disclosure issue. It is a request to unmask an anonymous speaker, and to intrude on the attorney-client privilege and duty of confidentiality to seek to make this happen.

## II. JOHN DOE IS AN ANONYMOUS YOUTUBER

Courts in this District require heightened scrutiny before unmasking a DOE defendant. In *Columbia Insurance Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), the Northern District Court held that a plaintiff must demonstrate good cause before engaging in discovery to identify anonymous defendants and to show their complaint can survive a motion to dismiss.

Plaintiff cannot satisfy these requirements. Its underlying cause of action under 17 U.S.C. §512(f) requires proof of a knowing and material misrepresentation. The Ninth Circuit has made clear that this is a subjective standard. See *Rossi v. Motion Picture Ass'n of Am.*, 391 F.3d 1000 (9th Cir. 2004) which noted:

> In §512(f), Congress included an expressly limited cause of action for improper infringement notifications, imposing liability only if the copyright owner's

notification is a **knowing misrepresentation**. A copyright owner cannot be liable simply because **an unknowing mistake is made**, even if the copyright owner acted unreasonably in making the mistake. *See* § 512(f). Rather, there must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner. *Rossi v. Motion Picture Ass'n of Am., Inc.* (9th Cir. 2004) 391 F.3d 1000, 1004-1005. (emphasis added).

Here, JOHN DOE, an anonymous speaker, trusted his legal counsel to make the appropriate filings.   To the extent he relied on his counsel, this is not a knowing misrepresentation by JOHN DOE, and this provides no legal grounds to force Defendant Lee Rapkin to violate his ethical duties, including both the duty of confidentiality, and the attorney-client privilege.  JOHN DOE does not consent to this approach. If Plaintiff has someone to blame for bad faith counternotices, it is his attorney, not DOE personally. DOE harbored no ill-will or bad faith, and this will defeat their claim at the motion to dismiss stage, if it comes to that.

In the *Highfields*, the Court further explained that when anonymous speech is implicated, a plaintiff must produce evidence supporting each element of its cause of action before disclosure is ordered, and the Court must then determine whether the strength of the plaintiff's showing outweighs the harm to First Amendment interests. In this case it the two-step analysis requires:

"These differences in the interests and rights that are in tension when a private civil plaintiff seeks to discover the identity and address of **an anonymous internet speaker** inform the tests that courts have applied in this kind of setting. The precedents persuade us that the appropriate **test has two components, each essential**.

> **The first** of these components reflects the courts' recognition that enforcing this kind of subpoena always would invade at least in some measure rights that are fundamental and fragile -- rights that the courts have a special duty to protect against unjustified invasion. Because of the importance and vulnerability of those rights, the center of the first component of the test is a requirement that the plaintiff persuade the court that there is **a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm** to the interests of the plaintiff that the laws plaintiff has invoked were intended to protect."

Here, Plaintiff's "beef" is against counsel, not the anonymous DOE.    The Court continued:

> "It is not enough for a plaintiff simply to **plead and pray**. Allegation and speculation are insufficient. The standards that inform Rule 8 and Rule 12(b)(6) offer too little protection to the defendant's competing interests. Thus, the plaintiff must adduce <u>competent evidence</u> -- and the evidence plaintiff adduces must address <u>all</u> of the inferences of fact that plaintiff would need to prove **in order to prevail under at least one of the causes of action plaintiff asserts**.

> In other words, the evidence that plaintiff adduces must, if unrebutted, tend to support a finding of <u>each</u> fact that is essential to a given cause of action. The court may not enforce the subpoena if, under plaintiff's showing, any <u>essential</u> fact or finding lacks the requisite evidentiary support. The court proceeds to **the second** component of the test if, but only if, the plaintiff makes an evidentiary showing sufficient to satisfy the court in the first component of the test. If reached, the second component of the test requires the court to assess and compare the magnitude of the harms that would be caused to the competing interests by a ruling in favor of plaintiff and by a ruling in favor of defendant. If, after such an assessment, the court concludes that enforcing the subpoena would cause relatively little harm to the defendant's First Amendment and privacy rights and that its issuance is necessary to enable plaintiff to protect against or remedy serious wrongs, the court would deny the motion to quash.  See *Highfields Capital Mgmt. L.P. v. Doe* (N.D.Cal. 2004) 385 F.Supp.2d 969, 975-976.) (emphasis added)."

1    Again, what did DOE do wrong to warrant a finding that he knowingly

2   misrepresented facts in regard to the DMCA notice filed by his legal counsel, whom he

3

4   has every right to trust?  There is no and Plaintiff cannot meet the standard for unmasking

5   an anonymous internet speaker.

6

7   ## III.  THE DECLARATORY JUDGMENT CAUSE OF ACTION CANNOT SURVIVE MOTION TO DISMISS

8

9    Moreover, the cause of action for "Declaratory Judgment" against DOE "The

10  Exposer" is nothing more than an unregistered copyright infringement claim in disguise,

11

12  barred by §411(a).  Plaintiff apparently claims no valid copyright registration (thus, has

13  no standing to file a copyright infringement action, but then disputes "fair use" rights of

14

15  the anonymous speaker.  How can you argue fair use without a copyright infringement

16  action pending?  Declaratory relief cannot expand substantive rights.  Plaintiff is doing

17  nothing more than trying to file "*an action seeking a court order to restrain the*

18

19  *subscriber from engaging in infringing activity*" (p. 17 at 102) so that he can try to make

20  sure the content at issue cannot be reposted on YouTube.  This is a highly improper

21

22  attempt to use the DMCA for purposes in which it was not intended.  Plaintiff cannot

23  seek to litigate the merits of fair use without copyright infringement being at issue.  Fair

24  use is a defense, not a cause of action.

25

26

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

     In the Northern District of California, courts are clear that you can't "re-label" what is functionally a copyright enforcement suit as a standalone declaratory-judgment claim to evade statutory prerequisites: the Declaratory Judgment Act is *procedural only* and "does not create an independent basis for subject matter jurisdiction" or an "independent cause of action," so it cannot supply the missing substantive hook if the underlying coercive claim is barred. Relatedly, ND Cal has reaffirmed that 17 U.S.C. §411(a) operates as an administrative-exhaustion prerequisite— "no civil action for infringement … shall be instituted until … registration … has been made"—and a plaintiff must satisfy that condition *before suing to enforce ownership rights* in federal court.  Recent Supreme Court ruling has indicated that registration means the Plaintiff has actual copyright registration (not just having filed for copyright) per the *Fourth Estate* case.

17
18
19
20
21
22
23
24

     Taken together, a § 512(g)(2)(C) "declaratory judgment" count that seeks a ruling that the DOES use "is not fair use" and an injunction stopping reposting is, in substance, an attempt to obtain a court order restraining alleged infringement; if the plaintiff has not registered the videos (or otherwise cannot plead around §411(a)), dressing the dispute up as "declaratory relief" count does not cure their defect—because declaratory relief is not a free-standing workaround for a barred infringement action.

25
26
27

     Thus, likewise this claim could never survive a motion to dismiss, there is no likelihood to prevail on the merits to warrant injunction and no unmasking should occur.

## IV. SEEKING TO COMPELLING DISCLOSURE FROM DOES COUNSEL IS IMPROPER

Plaintiff seeks to compel disclosure from Doe's counsel. Courts disfavor discovery directed at attorneys, particularly where alternative means exist, as discussed herein. Plaintiff has not demonstrated that they exhausted platform-based or third-party discovery (other than conceding even Google/YouTube would not grant their DMCA unmasking subpoena).

An attorney has an attorney-client privilege, and moreover, there is a broader duty of confidentiality to their client. There is no reason to force an attorney, under these circumstances, to break ranks and disclose contact information learned during the course of representation, so that Plaintiff can short-cut the legitimate Rule 45 subpoena process.

Equally important, Plaintiff has not exhausted less intrusive means. If Plaintiff genuinely seeks identifying information, the appropriate course is to issue a Rule 45 subpoena to YouTube/Google, provide notice to DOE, and allow this Court to apply the balancing framework in that proper context. Instead, Plaintiff seeks the most invasive method available: compelling disclosure from DOES attorney, who is bound by professional obligations. Compelling disclosure of identity here would create a dangerous precedent and a slipper slope.

1
2
3
4
5
6
7

Plaintiff suggests that DOE is improperly hiding behind his lawyer, as though seeking legal representation or invoking confidentiality is itself wrongful. That rhetoric is misplaced and prejudicial. Retaining counsel to respond to analyze the propriety of DMCA notices is not evidence of bad faith; it is the lawful and constitutionally protected exercise of the right to seek legal advice.

8
9
10
11
12
13
14
15
16
17
18
19

Plaintiff's argument effectively asks this Court to adopt a rule that anonymity is forfeited the moment an individual consults an attorney—an outcome that would chill access to counsel, undermine attorney-client confidentiality, and discourage lawful participation in statutory DMCA procedures. The discovery rules were not designed to convert counsel into an involuntary witness against a former client (as they have objected to as well) or to allow litigants to weaponize unmasking as leverage. DOE is not "hiding"; DOE is invoking the exact procedural and constitutional safeguards that Northern District courts require before compelling disclosure of an anonymous speaker's identity.

20
21

## V. RULE 26 DOES NOT OVERRIDE CONSTITUTIONAL PROTECTIONS

22
23
24
25

Plaintiff asserts that disclosure is required per Rule 26 discovery rules and since Attorney Rapkin named JOHN DOE as a potential witness in the case.  Rule 26 governs **nonprivileged**, proportional discovery. It does not supersede constitutional protections

26
27

for anonymous speech, nor the heightened unmasking standard established in this District.

**CONCLUSION**

Plaintiff has not demonstrated that its §512(f) claim or Declaratory Judgment claim (seeking an injunction with *no likelihood to prevail on the merits*) can survive a motion to dismiss, nor has it produced credible evidence supporting the required elements of its claims asserted. The Declaration Judgment claim is bogus because there is no copyright infringement action pending. Instead, it is a misuse of the DMCA process trying to seek an injunction in this fashion. Moreover, forcing DOES counsel to violate its professional standards, to which they have already objected is improper. Even Google/YouTube denied the informal DMCA subpoena filed by Plaintiff, obviously realizing it was entirely improper. The court should not mandate disclosure under these circumstances.

>>>

>>>

1  Respectfully Submitted,

2  DATED: February 17, 2025       **THE LAW OFFICES OF STEVEN C.**
3                                 **VONDRAN, P.C.**

4

5                                 By:  /s/ Steven C. Vondran, Esq.

6                                      Steven C. Vondran, [SBN 232337]
                                       ATTORNEY FOR DOE DEFENDANT
7                                      One Sansome Suite, 3500
                                       San Francisco, CA 94104
8                                      Telephone: (877) 276-5084
                                       E-mail:  steve@vondranlegal.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JOHN DOE RESPONSE TO DISCOVERY LETTER [DOCKET #17]

1

## PROOF OF SERVICE

2

I declare as follows:

3

4

I am employed with The Law Offices of Steven C. Vondran P.C., whose address is *620 Newport Center Drive, Suite 1100, Newport Beach, CA 92660*.  I am over the age of eighteen years and am not a party to this action.

5

6

On February 17, 2026, I served the foregoing document described as follows

7

**DEFENDANT JOHN DOE OPPOSITION TO PLAINTIFF'S MOTION TO**
**COMPEL DISCLOSURE OF DOE SUBSCRIBER'S NAME, ADDRESS, AND**
**TELEPHONE NUMBER FROM DOES FORMER ATTORNEY. [DOCKET #18]**
**RESPONSE**

8

9

10

on the interested parties in this action by:

11

____    **U.S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, for each address named below or on the attached service list for collection and mailing on the below indicated day following the ordinary business practices at The Law Offices of Steven C. Vondran. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

12

13

14

15

____    **OVERNIGHT MAIL**:  I sent a copy of the attached document via overnight mail to the address set forth below.

16

17

____    **HAND DELIVERY**: I placed a copy in a separate envelope addressed to each addressee as indicated below and delivered it to _____ for personal service.

18

19

____    **FACSIMILE:** I sent a copy via facsimile transmission to the fax number(s) indicated below. The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

20

21

22

23    __X__    **EMAIL:**  I sent a copy of the above referenced document by email to the following:

24

25

26

27

JOHN DOE RESPONSE TO DISCOVERY LETTER [DOCKET #17]

1

2  <u>**SERVICE LIST**</u>

3  RANDALL S. NEWMAN (SBN 190547)
   Attorney at Law
4  99 Wall St., Suite 3727
   New York, NY 10005
5  212.797.3735
6  rsn@randallnewman.net

7

8  __xx__    **ELECTRONIC FILING:** I filed the above-described document(s) electronically through the
   Court's ECF filing system to all registered users.
9

10         I declare under penalty of perjury under the laws of the State of California that the above is true

11  and correct. Executed on February 17, 2026, Flagstaff Arizona

12

13                              _/s/_ Lisa Vondran_____
                               Lisa Vondran, legal assistant
14

15

16

17

18

19

20

21

22

23

24

25

26

27