Kevin R. Sutherland (State Bar No. 163746)
Brandon K. Franklin (State Bar No. 303373)
Jessica R. Stone (State Bar No. 313426)
CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
Email: kevin.sutherland@clydeco.us
       brandon.franklin@clydeco.us
       jessica.stone@clydeco.us

Attorneys for Defendant
LEE RAPKIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXECUTIVE LENS LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEE RAPKIN and JOHN DOE dba "the Exposer" www.youtube.com@1aAudits Exposé,<br><br>Defendants. | Case No. 5:25-cv-06048-NC<br><br>REPLY TO JOHN DOE's OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISLCOURE OF DOE SUBSCRIBER'S NAME, ADDRESS, AND TELEPHONE NUMBER [Dkt. No. 18]<br><br>Date: March 11, 2026<br>Time: 11 a.m. PT<br>Place: Courtroom 5 – 4th Floor<br>Judge: Hon. Nathanael M. Cousins<br><br>Complaint Filed: July 17, 2025 |

Defendant Lee Rapkin ("Defendant Rapkin" or "Ms. Rapkin"), by and through her attorneys, Clyde & Co US LLP, hereby submits this reply in support of her position as set forth in the Joint Discovery Letter filed on December 19, 2025, (Dkt. 18) and in response to the Opposition (Dkt. 33) filed by Defendant John Doe dba "the Exposer" www.youtube.com@1AAudits Exposé ("John Doe") on February 17, 2026, and pursuant to the Court Order (Dkt. 26) permitting John Doe to file a response to the Joint Discovery Letter and the parties to file replies to any opposition.

//

//

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

John Doe's opposition to plaintiff's request for an order compelling the disclosure of his identity (Dkt. 33) shows that there is no basis for an order compelling Ms. Rapkin to disclose John Doe's identity.

First, plaintiff's basis for seeking an order compelling Ms. Rapkin to disclose John Doe's identity is that the failure to disclose that information is "impairing Plaintiff's ability to prosecute this action" Jt. Disc. Ltr. – Dkt. 18 at 2[1]. Now that John Doe has submitted a statement in this action through counsel, plaintiff's argument no longer makes sense because plaintiff has another, more appropriate, avenue through which to attempt to effect service of the complaint.

Second, John Doe wishes to maintain his anonymity and has not authorized his former attorney, Ms. Rapkin, to disclose his identity. *See* Opp'n – Dkt. 33 at 8 ("[t]he discovery rules were not designed to convert counsel into an involuntary witness against a former client (as they have objected to as well) or to allow litigants to weaponize unmasking as leverage"). Therefore, John Doe's identity falls within the duties of confidentiality and privilege under both U.S. and Canadian law. *See* Jt. Disc. Ltr. – Dkt. 18. Whether John Doe can maintain his anonymity in this case is a separate issue that is subject to an entirely separate standard. That issue should be litigated separately with the benefit of formal briefing when and if John Doe is served with the complaint and files a response.

Accordingly, Ms. Rapkin respectfully requests that the Court deny plaintiff's request for an order compelling her to disclose the identity of her former client.

//
//
//

---

[1] Citations refer to material in the Electronic Case File ("ECF"). Pinpoint citations are to the ECF-generated page numbers at the top of documents and sometimes to pages numbers at the bottom of the documents and any line numbers.

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

# ARGUMENT

### A. Compelling Ms. Rapkin's Disclosure of John Doe's Identity Is Not Necessary to Effect Service Upon John Doe

Plaintiff contends that Ms. Rapkin's failure to disclose John Doe's name and address "prevents Plaintiff from amending the complaint and effectuating service of process and, standing alone, warrants compulsion. . . ." (Dkt. 18 at 3). Thus, plaintiff asserts (absent authority) that his need to effect service on John Doe, "standing alone," warrants plaintiff's request for an order compelling Ms. Rapkin to disclose the identity of her former client. Not so. *See BP Prods. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 265 (E.D. Va. 2005) (service on defendant's counsel in unrelated case was ordered based on showing that defendant's whereabouts were unknown, that he had been evading service and other attempted methods had failed, but he was in communication with counsel on unrelated case).

### B. John Doe's Identity Is Privileged and John Doe May Have Grounds to Maintain His Anonymity

For the reasons stated in the Joint Discovery Letter, John Doe's identity falls within the duties of confidentiality and privilege under both U.S. and Canadian law. *See* Jt. Disc. Ltr. – Dkt. 18. Moreover, John Doe may have good grounds to maintain his anonymity based on his privacy interests. *See* Opp'n – Dkt. 33.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted). Nonetheless, the Ninth Circuit has held that parties may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000).

Moreover, when a plaintiff seeks to uncover the identity of an anonymous speaker through a subpoena, courts have required an evidentiary showing of

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

1  wrongful conduct in the context of a motion to quash. *Highfields Cap. Mgmt., L.P.*
2  *v. Doe*, 385 F. Supp. 2d 969, 970, 975-76 (N.D. Cal. 2005) (granting motion to
3  quash subpoena that sought identity of anonymous internet speaker based on report
4  and recommendation that required "real evidentiary basis for believing that the
5  defendant has engaged in wrongful conduct" and balancing of the defendant's
6  privacy interests with the plaintiff's interest in protecting against serious wrongs);
7  *see also Wirt v. Twitter, Inc.*, No. 21-MC-80166-JSC, 2021 WL 5919846, at *1
8  (N.D. Cal. Dec. 15, 2021) (applying the test from *Highfields*).

Based on the foregoing, there are important privilege and privacy interests at stake. These privilege and privacy interests outweigh plaintiff's interest in discovering John Doe's identity at this time because, for the reasons stated above, plaintiff has an alternative avenue through which to effect service of the complaint.

## CONCLUSION

Plaintiff's request for an order compelling Ms. Rapkin to disclose the identity of her former client should be denied because it is based on the false premise that such information is needed to effect service on John Doe. Moreover, the request implicates duties of privilege and confidentiality, as well as John Doe's privacy interests, and there is no compelling need to override these interests at this time.

For these reasons, Ms. Rapkin respectfully requests that the Court deny plaintiff's request for an order compelling her to disclose the identity of John Doe.

Dated: February 25, 2026

CLYDE & CO US LLP

By: _____
KEVIN R. SUTHERLAND
BRANDON K. FRANKLIN
JESSICA R. STONE
Attorneys for Defendant
LEE RAPKIN

# CERTIFICATE OF SERVICE

# STATE OF CALIFORNIA COUNTY OF SAN FRANCISCO

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 150 California Street, Suite 1500, San Francisco, California 94111.

On February 25, 2026, I served the document(s) described as:

**REPLY TO JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF DOE SUBSCRIBER'S NAME, ADDRESS, AND TELEPHONE NUMBER**

on the parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

in the following manner:

☐ **(BY E-MAIL):** by transmitting on this date via electronic mail the document(s) listed above to all parties with an e-mail address of record as set forth below and who have consented to electronic service in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY MAIL):** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY):** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☒ **(BY CM/ECF/EFSP):** by electronic filing system notification with the clerk of the Court, or other electronic filing service provider pursuant to CCP § 1010.6(a), which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have consented to or filed a Notice of Consent to Electronic Service in this action.

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct.

Executed on February 25, 2026, at San Francisco, California.

_____
Patricia Inabnet

# SERVICE LIST

Randall S. Newman, Esq.
99 Wall Street, Suite 3727
New York, New York 10005
Telephone: (212) 797-3735
Email: rsn@randallnewman.net

Attorneys for Plaintiff
EXECUTIVE LENS LLC

Steven C. Vondran, Esq.
THE LAW OFFICES OF STEVEN C. VONDRAN, PC
620 Newport Center Drive, Suite 1100
Newport Beach, California 92660
Tel: (877) 276-5084
Fax:
Email: steve@vondranlegal.com

Attorneys for Defendant,
JOHN DOE

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800