RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Executive Lens LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXECUTIVE LENS LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LEE RAPKIN and JOHN DOE dba "the Exposer" www.youtube.com/@1aAuditsExposé,<br><br>　　　　Defendants. | Case No. 25-cv-06048-NC<br><br>**HON. NATHANAEL M. COUSINS**<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF JOHN DOE'S IDENTITY**<br><br>**HEARING:**<br>Date: March 11, 2026<br>Time: 11:00 a.m.<br>Place: VIA ZOOM |

**Reply in Support of Plaintiff's Motion to Compel Disclosure of John Doe's Identity**

Plaintiff Executive Lens LLC ("Plaintiff"), by and through undersigned counsel, submits this reply in further support of its Motion to Compel Disclosure of the Subscriber Identity Associated with the *IA Audits Exposé* YouTube Channel ("John Doe" or "Doe") (ECF No. 18), pursuant to the Court's January 7, 2026 Order directing further briefing and setting a continued hearing on Plaintiff's request (ECF No. 26).

I.  **INTRODUCTION**

This motion concerns a narrow but fundamental procedural question: whether a party may invoke the DMCA's counter-notification process to compel federal litigation yet refuse to disclose the identity necessary for amendment and service of the complaint.

John Doe is not an anonymous internet commenter identified through speculation or third-party subpoena practice. He is the subscriber who submitted a DMCA counter-notification under 17 U.S.C. § 512(g), thereby triggering the statute's mandatory litigation sequence and forcing Plaintiff to file suit to prevent restoration of the challenged videos. By design, § 512(g) presupposes identification of the counter-notifying subscriber so that suit may be filed and service effected.

The DMCA does not permit a defendant to compel litigation, refuse to identify himself, and nonetheless block service indefinitely while continuing to assert rights under § 512(g). Plaintiff seeks only Doe's name, address, and telephone number, solely to amend the complaint and effect service on the real party in interest. Disclosure is required by the DMCA, Rule 26, and settled Ninth Circuit law holding that client identity is generally not privileged.

II. **DOE FORFEITED ANY CLAIM TO ANONYMITY BY FILING A DMCA COUNTER-NOTIFICATION**

   A.  **The DMCA Requires Disclosure of the Subscriber's Identity**

The DMCA expressly requires that a counter-notification include "the subscriber's name, address, and telephone number." 17 U.S.C. § 512(g)(3)(D). Congress imposed that requirement for a specific reason: to allow the copyright owner to file suit and effect service under § 512(g)(2)(C). A counter-notice that withholds the subscriber's identity defeats the

statutory design.

Here, Doe, through counsel, submitted a counter-notification while substituting counsel's contact information for his own. Having invoked § 512(g) to force Plaintiff into federal court, Doe cannot now invoke anonymity to prevent Plaintiff from identifying and serving him. Nothing in the DMCA authorizes that result.

### B.     Reliance on Counsel Does Not Preserve Anonymity

Doe's argument that he relied on counsel to submit the counter-notification is beside the point. The statute imposes obligations on the subscriber, not on the subscriber's attorney. If anonymity could be preserved simply by routing a counter-notification through counsel, § 512(g)(3)(D) would be rendered meaningless.

Nor does reliance on counsel negate Plaintiff's claims. At most, it raises a merits issue regarding knowledge or intent. It does not justify withholding identity or blocking service.

### C.     This is Not an Anonymous Speaker Case

Anonymous-speech cases such as *Highfields* and *Seescandy* (discussed below) involve third-party subpoenas seeking to identify unknown speakers based on alleged wrongdoing. This case arises from a statutory counter-notification under 17 U.S.C. § 512(g), submitted under penalty of perjury, which affirmatively triggered litigation and required disclosure of the subscriber's identity so that suit could be filed and service effected. Anonymous-speech jurisprudence does not apply where a party invokes a statutory process designed to compel litigation and service.

## III.     SEESCANDY AND HIGHFIELDS DO NOT BAR DISCLOSURE

### A.     *Seescandy* Does Not Apply and is Satisfied in Any Event

Doe relies heavily on *Columbia Insurance Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), but that reliance is misplaced. *Seescandy* addresses pre-service discovery aimed at determining whether an unknown tortfeasor exists at all. It does not apply where, as here, the defendant has already acted, has been identified as the real party in interest, and has affirmatively invoked a statutory process that requires disclosure of identity.

John Doe is not a hypothetical defendant. He operates the *1a Audits Exposé* YouTube channel, submitted the counter-notification at issue, and was identified by Defendant Rapkin in Rule 26 disclosures as an individual with discoverable information. *Seescandy* does not permit a litigant who has stepped into the statutory framework to shield his identity indefinitely.

### B.  Plaintiff Satisfies the Seescandy Factors in Any Event

Even if *Seescandy* applied, Plaintiff easily satisfies its requirements. First, Doe has been identified with specificity as the subscriber who owns and controls the channel that posted the videos at issue. Second, Plaintiff has pursued good-faith efforts to obtain Doe's identity through less intrusive means, including a § 512(h) subpoena to Google. Third, as explained below, Plaintiff's claims readily survive a motion to dismiss. Fourth, Plaintiff seeks narrowly tailored relief, only Doe's name, address, and telephone number, solely to amend the complaint and effect service. Doe's invocation of *Seescandy* therefore fails on its own terms.

### C.  Highfields Does Not Apply to Statutory Counter-Notifications

Additionally, Doe's reliance on *Highfields Capital Management, L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005), is misplaced. *Highfields* arose in a fundamentally different posture: a plaintiff in a separate action sought to enforce a third-party Rule 45 subpoena on Yahoo! to identify an anonymous message-board poster based on alleged trademark and defamation harms from "sardonic commentary." *Id*. at 972–75. The court required an evidentiary showing beyond mere allegations because enforcing the subpoena would invade First Amendment and privacy interests of an anonymous speaker. *Id*. at 975–76.

This case is not *Highfields*. Plaintiff is not attempting to unmask a random internet commenter based on generalized allegations of wrongdoing. Doe (through counsel) affirmatively invoked the DMCA counter-notification process to restore material and trigger the statutory "put-back" framework. *See* 17 U.S.C. § 512(g). Whatever First Amendment considerations may apply when a plaintiff seeks to identify an anonymous speaker via third-party subpoena, those considerations do not support allowing a DMCA

counter-notifier to force litigation while withholding the basic identifying information the statute contemplates.

### D. Doe Has Not Asserted, Much Less Established, Any Basis for Anonymity

Even if the Court were to apply the heightened scrutiny framework discussed in *Highfields*, Doe's position fails at the threshold because Doe has not articulated any basis, factual or legal, why anonymity is warranted.

Here, Doe has submitted no declaration, no evidence and no argument asserting any harm that would result from disclosure of his identity. He has not claimed fear of retaliation, personal safety concerns, or chilling effects on protected expression. Instead, Doe seeks anonymity by default while simultaneously invoking a federal statutory process designed to compel litigation.

The allegations in the First Amended Complaint ("FAC"), unchallenged by Doe, further confirm that anonymity is not being asserted defensively, but strategically. Plaintiff alleged that Doe publicly boasted about evading accountability, taunted Plaintiff to attempt unmasking him, and asserted that he could not be held liable because his identity would never be discovered. (FAC ¶ 13). Such conduct is fundamentally inconsistent with any claim that anonymity is necessary to protect expressive activity or prevent chilling effects.

## IV. PLAINTIFF HAS AT LEAST ONE LIVE CLAIM

Doe's suggestion that disclosure is improper because Plaintiff's claims lack merit fails. For the reasons discussed in Plaintiff's Opposition to Rapkin's Motion to Dismiss, Plaintiff states a claim pursuant to § 512(f) against Doe. Moreover, Plaintiff asserts a live declaratory judgment claim under 17 U.S.C. § 512(g)(2)(C). That claim alone independently supports disclosure to permit amendment and service.

Doe argues that Plaintiff's declaratory judgment claim fails because Plaintiff did not possess copyright registrations for each work at the time suit was filed. That argument misunderstands both the Declaratory Judgment Act and the structure of the DMCA.

Courts have held that copyright registration is not a prerequisite to a declaratory judgment action concerning non-infringement or fair use, even where registration would

be required for a coercive infringement action under 17 U.S.C. § 411(a). In *Mercedes-Benz USA, LLC v. Lewis*, Case No. 19-10951, 2019 WL 4302769, at *3-5 (E.D., Mich. Sep. 11, 2019), the court squarely rejected the argument that the absence of registration defeats declaratory relief. The same conclusion was reached in *Telebrands Corp. v. Exceptional Products Inc.*, Case No. 11-cv-2252, 2011 WL 6029402 (D.N.J. Dec. 5, 2011).

That reasoning applies with even greater force here. Plaintiff's declaratory-judgment claim arises directly from 17 U.S.C. § 512(g)(2)(C), which expressly authorizes a copyright owner to commence an action to prevent restoration of material following a DMCA counter-notification. The statute creates a time-limited, compulsory litigation window: if the copyright owner does not file suit within the statutory period, the service provider must restore the content. Conditioning access to § 512(g)(2)(C) relief on prior registration would be incompatible with the statute's operation and would effectively nullify the DMCA's put-back framework.

Plaintiff does not seek damages for infringement through its declaratory-judgment claim. It seeks a determination of whether YouTube is entitled to repost the videos under the counter-notification and whether Plaintiff is entitled to an order restraining restoration.

Accordingly, Defendant's attempt to import § 411(a)'s registration requirement into a § 512(g)(2)(C) declaratory-judgment action fails as a matter of law. Plaintiff has alleged an actual, present controversy concerning YouTube's right to repost the videos and the continued operation of the counter-notice, and that controversy is sufficient to support declaratory relief irrespective of registration status.

The FAC alleges that Doe continues to assert a right to repost the videos, that the counter-notice remains operative, and that absent a judicial declaration, Plaintiff faces an ongoing and imminent threat of restoration. Those allegations establish an actual, present controversy sufficient to support declaratory relief under § 2201 and § 512(g)(2)(C).

//
//
//

## V. RULE 26 INDEPENDENTLY REQUIRES DISCLOSURE OF DOE'S IDENTITY

Even apart from the DMCA, disclosure is required under the Federal Rules of Civil Procedure.

### A. Doe Was Identified as a Rule 26 Witness

In initial disclosures, Defendant Rapkin identified "JOHN DOE dba 'The Exposer'" as an individual likely to have discoverable information regarding the allegedly infringing videos and the DMCA counter-notification. Rule 26(a)(1)(A)(i) requires disclosure of the name, address, and telephone number of such individuals.

A party may not designate a central actor as a "John Doe" witness while withholding identifying information indefinitely. Doing so frustrates the purpose of initial disclosures and prevents amendment and service of process.

### B. Rule 26 Does Not Yield to Anonymity or Privilege Claims Here

Rule 26 requires disclosure of nonprivileged information. As explained below, the identity of a client is generally not privileged, and Doe has identified no exceptional circumstance that would justify withholding his identity. The discovery rules do not permit a party to rely on an unnamed individual to support defenses while simultaneously preventing the opposing party from identifying and serving that individual.

## VI. ATTORNEY-CLIENT PRIVILEGE DOES NOT SHIELD DOE'S IDENTITY

Doe's attempt to cloak his identity in attorney-client privilege in unsupported by controlling authority. The Ninth Circuit has long held that the identity of a client is ordinarily not protected by attorney-client privilege. *In re Grand Jury Subpoena (Hirsch)*, 803 F.2d 493, 496 (9th Cir. 1986). Any exception is narrow and applies only where disclosure would necessarily reveal the substance of a confidential communication or the client's motive for seeking legal advice. *See Baird v. Koerner*, 279 F.2d 623, 631-32 (9th Cir. 1960)

No such circumstance exists here. Disclosure of Doe's name, address, and telephone number would not reveal legal advice, litigation strategy, or confidential communications.

It would merely identify the subscriber who invoked § 512(g) and whose conduct is central to the case.

### VII. CONCLUSION

John Doe is not an anonymous speaker hauled into court based on speculation. He is the subscriber who invoked § 512(g) in an effort to restore allegedly infringing content to YouTube and forced Plaintiff into federal court. The DMCA, Rule 26, and settled privilege law all require disclosure of his identity so that Plaintiff may amend its complaint and effect service.

Plaintiff respectfully requests that the Court compel Defendant Rapkin to disclose John Doe's full legal name, last-known physical address, and telephone number, and grant Plaintiff leave to file a Second Amended Complaint within a reasonable period following disclosure.

Dated: February 25, 2026

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Executive Lens LLC*