Steven C. Vondran, SBN 232337
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
One Sansome Street, St #3500,
San Francisco, CA 94104
Telephone: (877) 276-5084
Facsimile:  (888) 551-2252
steve@vondranlegal.com

Attorney for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Executive Lens LLC, | No. 5:25-cv-06048 |
| Plaintiffs, | **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |
| vs. | |
| Lee Rapkin; and John Doe d/b/a "The Exposer," | |
| Defendants. | |

Defendants Lee Rapkin and John Doe d/b/a "The Exposer" ("Defendants"), by and through undersigned counsel, hereby answer the Complaint ("Complaint") of Plaintiff Executive Lens LLC ("Plaintiff"). Any allegation not expressly admitted is denied.

## RESPONSES TO NUMBERED ALLEGATIONS

### I. INTRODUCTION

1.     Defendants deny the allegations in paragraph 1, including any characterization of "abuse" of the DMCA process.

2.     Defendants deny the allegations in paragraph 2.

3.     Defendants deny the allegations in paragraph 3, including any assertion

that the videos at issue lack transformation or qualify as infringement.

4. Defendants deny the allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

7. Defendants admit that a counter-notification was submitted but deny any wrongdoing or improper conduct.

8. Defendants deny the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

## II. JURISDICTION AND VENUE

14. Defendants admit that Plaintiff purports to bring claims under federal law but deny any liability.

15. Defendants admit that this Court has subject matter jurisdiction over federal claims generally but deny the remaining allegations.

16. Defendants deny that jurisdiction is proper as alleged and deny any binding consent beyond statutory requirements.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny that venue is proper as alleged and deny the

remaining allegations.

## III. PARTIES

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's ownership and therefore deny them.

20. Defendant Rapkin admits she is an attorney but denies the remaining allegations, including any wrongdoing or lack of competence.

21. Defendant John Doe admits only that he operates a YouTube channel but denies the remaining allegations.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23

## IV. FACTUAL ALLEGATIONS

24. Defendants admit that YouTube operates under the DMCA framework but deny the remaining allegations.

25. Defendants admit that the DMCA includes a notice-and-takedown process but deny the remaining allegations.

26. Defendants admit that counter-notifications may be submitted but deny the remaining allegations.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants lack knowledge sufficient to form a belief as to Plaintiff's characterization of the "Auditor community" and therefore deny.

32. Defendants deny the allegations in paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's claimed ownership and deny.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants admit that DMCA notices were submitted but deny the remaining allegations.

39. Defendants admit that certain videos were removed or made unavailable but deny any wrongdoing.

40. Defendants deny the allegations in paragraph 40.

41. Defendants admit that a counter-notification was submitted but deny any falsity or misrepresentation.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51

## FIRST CAUSE OF ACTION

### (17 U.S.C. § 512(f))

52. Defendants repeat and reallege the foregoing responses.

53. Defendants admit that 17 U.S.C. § 512(f) provides for liability for knowing material misrepresentations but deny any violation.

54. Defendants deny the allegations in paragraph 54, including any assertion that statements in the counter-notification were false or knowingly made.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny that Plaintiff is entitled to any damages or injunctive relief.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

58. Defendants repeat and reallege the foregoing responses.

59. Defendants deny that an actual and justiciable controversy exists as

alleged.

60.    Defendants deny the allegations in paragraph 60.

61.    Defendants admit that they assert fair use but deny any improper conduct.

62.    Defendants deny the allegations in paragraph 62.

63.    Defendants deny that Plaintiff is entitled to declaratory relief.

64.    Defendants deny that Plaintiff is entitled to injunctive relief.

Further, Defendant asserts the following affirmative defenses and reserves the right to assert additional defenses learned through discovery:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.    Defendant alleges that the Complaint fails to state claims upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Fair Use)**

2.    The alleged uses constitute fair use under 17 U.S.C. § 107.

**THIRD AFFIRMATIVE DEFENSE**

**(Good Faith / No Knowing Misrepresentation)**

3.    Defendants acted in good faith and did not knowingly or materially misrepresent any facts under 17 U.S.C. § 512(f).

**FOURTH AFFIRMATIVE DEFENSE**

**(First Amendment Protection)**

4.    The alleged conduct is protected by the First Amendment as

commentary, criticism, and/or parody.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Standing / Ownership)**

5.    Plaintiff has not sufficiently established ownership of valid copyrights.

**SIXTH AFFIRMATIVE DEFENSE**

**(De Minimis Use)**

6.    Any alleged use was de minimis and not actionable.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands / Estoppel / Waiver)**

7.    Plaintiff's claims are barred by equitable doctrines.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Improper Declaratory Relief)**

8.    Plaintiff's declaratory relief claim is duplicative and improper.

**NINTH AFFIRMATIVE DEFENSE**

**(Section 512 Safe Harbor / Compliance)**

9.    Defendants complied with the statutory framework of the DMCA.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests:

1.  That Plaintiffs take nothing by way of the Complaint;

2.  That the Complaint be dismissed with prejudice;

3.  That judgment be entered in favor of Defendant;

4.  That Defendant be awarded costs and attorneys' fees where permitted; and

5.  For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all issues so triable.

DATED this 1st day of April, 2026.

**THE LAW OFFICES OF STEVEN C. VONDRAN, PC.**

By /s/ Steven C. Vondran
Steven C. Vondran, Esq.
One Sansome Street, St #3500,
San Francisco, CA 94104
*Attorney for Defendants*