Kevin R. Sutherland (State Bar No. 163746)
Brandon K. Franklin (State Bar No. 303373)
Jessica R. Stone (State Bar No. 313426)
CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
Email: kevin.sutherland@clydeco.us
        brandon.franklin@clydeco.us
        jessica.stone@clydeco.us

Attorneys for Defendant
LEE RAPKIN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| EXECUTIVE LENS LLC, | ) | Case No. 5:25-cv-06048-NC |
|---|---|---|
| Plaintiff, | ) ) ) | LEE RAPKIN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| v. | ) ) | |
| LEE RAPKIN and JOHN DOE dba "the Exposer" www.youtube.com@1aAudits Exposé, | ) ) ) ) | Trial Date:  None Set Complaint Filed: July 17, 2025 |
| Defendant. | ) ) ) ) | |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Lee Rapkin ("Defendant" or "Ms. Rapkin"), by and through her attorneys, Clyde & Co US LLP, hereby answers plaintiff's First Amended Complaint ("Complaint") as follows.

/ /

/ /

/ /

/ /

44420174v4

LEE RAPKIN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Ms. Rapkin denies all allegations in the Complaint that are not expressly admitted below. Ms. Rapkin denies that plaintiff is entitled to the requested relief or any other relief.[1]

## ALLEGATIONS IN THE INTRODUCTION TO PLAINTIFF'S COMPLAINT

1.    As to the allegations contained in Paragraph 1 of the Complaint, Paragraph 1 is an introductory paragraph, which does not include allegations directed to Ms. Rapkin and to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

2.    As to the allegations contained in Paragraph 2 of the Complaint, Paragraph 2 is an introductory paragraph, which does not include allegations directed to Ms. Rapkin and to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

3.    As to the allegations contained in Paragraph 3 of the Complaint, Paragraph 3 is an introductory paragraph, which does not include allegations directed to Ms. Rapkin and to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

/ /

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

---

[1] Ms. Rapkin interprets headings in the Complaint to provide a roadmap to the allegations and not as allegations themselves. Ms. Rapkin therefore does not provide a specific response to the headers. To the extent a response is required, Ms. Rapkin denies any allegations contained therein. The various headings and subheadings in the Complaint are reproduced herein solely for convenience.

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

4.    As to the allegations contained in Paragraph 4 of the Complaint, Paragraph 4 is an introductory paragraph, which does not include allegations directed to Ms. Rapkin and to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

5.    As to the allegations contained in Paragraph 5 of the Complaint, Paragraph 5 is an introductory paragraph, which does not include allegations directed to Ms. Rapkin and to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

6.    As to the allegations contained in Paragraph 6 of the Complaint, Paragraph 6 is an introductory paragraph, which does not include allegations directed to Ms. Rapkin and to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

7.    As to the allegations contained in Paragraph 7 of the Complaint, Paragraph 7 is an introductory paragraph, which does not include allegations directed to Ms. Rapkin and to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

8.    As to the allegations contained in Paragraph 8 of the Complaint, Ms. Rapkin admits that she is an attorney admitted to practice in Quebec and that she is employed by the law firm of BLP Avocats in Montreal. Ms. Rapkin denies successfully submitting "a blanket counter-notice on behalf of an anonymous client

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

operating the Exposé Channel." Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies those allegations.

9. As to the allegations in Paragraph 9 of the Complaint, Ms. Rapkin denies those allegations.

10. As to the allegations in Paragraph 10 of the Complaint, Ms. Rapkin denies making any materially false certification. Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies those allegations.

11. As to the allegations contained in Paragraph 11 of the Complaint, those allegations are not directed to Ms. Rapkin and no response is required. To the extent a response is deemed necessary, Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies those allegations.

12. As to the allegations contained in Paragraph 12 of the Complaint, Ms. Rapkin denies submitting "the same standardized justification across all seventeen takedown disputes." Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies those allegations.

13. As to the allegations contained in Paragraph 13 of the Complaint, those allegations are not directed to Ms. Rapkin and no response is required. To the extent a response is deemed necessary, Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies those allegations.

14. As to the allegations contained in Paragraph 14 of the Complaint, Paragraph 14 is an introductory paragraph, which does not include allegations directed to Ms. Rapkin and to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the

extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

## JURISDICTION AND VENUE

15. As to the allegations in Paragraph 15 of the Complaint, Paragraph 15 contains conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

16. As to the allegations in Paragraph 16 of the Complaint, Paragraph 16 contains conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

17. As to the allegations in Paragraph 17 of the Complaint, Ms. Rapkin denies knowingly consenting to "jurisdiction in the Northern District of California pursuant to 17 U.S.C. § 512(g)(3)(D) by submitting a DMCA counter-notification to YouTube . . . using her law firm email and digital signature." As to the remaining allegations in Paragraph 17, those allegations contain conclusions of law to which no response is required. To the extent a response to those remaining allegations is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

18. As to the allegations contained in Paragraph 18 of the Complaint, Paragraph 18 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

/ /

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

19.    As to the allegations in Paragraph 19 of the Complaint, Paragraph 19 contains conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

## THE PARTIES

20.    As to the allegations in Paragraph 20 of the Complaint, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies each and every allegation contained therein.

21.    As to the allegations in Paragraph 21 of the Complaint, Ms. Rapkin admits that she is an attorney admitted to the Quebec bar. Ms. Rapkin denies successfully submitting any counter-notice under the Digital Millenium Copyright Act. As to the remining allegations in Paragraph 21, those allegations are not directed to Ms. Rapkin, therefore, no response is required. To the extent a response to those remaining allegations is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

22.    As to the allegations in Paragraph 22 of the Complaint, Paragraph 22 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies each and every allegation contained therein.

23.    As to the allegations in Paragraph 23 of the Complaint, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24.    As to the allegations in Paragraph 24 of the Complaint, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS

25.    As to the allegations in Paragraph 25 of the Complaint, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

26.    As to the allegations in Paragraph 26 of the Complaint, Paragraph 26 contains conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

27.    As to the allegations in Paragraph 27 of the Complaint, Paragraph 27 contains conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

28.    As to the allegations in Paragraph 28 of the Complaint, Paragraph 28 contains conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

29.    As to the allegations contained in Paragraph 29 of the Complaint, Paragraph 29 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

30.    As to the allegations contained in Paragraph 30 of the Complaint, Paragraph 30 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31.    As to the allegations contained in Paragraph 31 of the Complaint, Paragraph 31 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

32.    As to the allegations contained in Paragraph 32 of the Complaint, Paragraph 32 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

33.    As to the allegations contained in Paragraph 33 of the Complaint, Paragraph 33 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34.    As to the allegations contained in Paragraph 34 of the Complaint, Paragraph 34 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35. As to the allegations contained in Paragraph 35 of the Complaint, Paragraph 35 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

36. As to the allegations contained in Paragraph 36 of the Complaint, Paragraph 36 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

37. As to the allegations contained in Paragraph 37 of the Complaint, Paragraph 37 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

38. As to the allegations in Paragraph 38 of the Complaint, Paragraph 38 contains conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

39. As to the allegations contained in Paragraph 39 of the Complaint, Paragraph 39 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

40.    As to the allegations contained in Paragraph 40 of the Complaint, Paragraph 40 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

41.    As to the allegations contained in Paragraph 41 of the Complaint, Paragraph 41 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

42.    As to the allegations contained in Paragraph 42 of the Complaint, Paragraph 42 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin responds as follows. As to the allegation that, "[t]his determination was made outside the DMCA safe-harbor and without judicial input. It is not the role of anonymous YouTube staff to resolve the legal question of fair use under U.S. copyright law[,]" that allegation contains conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin. As to all remaining allegations in Paragraph 42, to the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations

contained in said paragraph, and on that basis denies each and every allegation contained therein.

### *The Counter-Notice Triggered Restoration of the 17-Videos*

43.    As to the allegations in Paragraph 43 and Footnote 1 of the Complaint, Ms. Rapkin admits that she prepared a counter-notice under the Digital Millenium Copyright Act that purported to cover 17 videos and included 16 URLs, but Ms. Rapkin denies successfully submitting any counter-notice under the Digital Millenium Copyright Act or acting as the Exposer's agent and co-participant in any copyright infringement scheme. Ms. Rapkin denies that Exhibit B is a true and correct copy of the subject counter-notice as it appears to be correspondence from YouTube about the subject counter-notice. Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43 and therefore denies those allegations.

44.    As to the allegations in Paragraph 44 of the Complaint, Ms. Rapkin admits that she prepared a counter-notice under the Digital Millenium Copyright Act, but denies successfully submitting any counter-notice under the Digital Millenium Copyright Act. Ms. Rapkin denies the remaining allegations in Paragraph 44.

45.    As to the allegations in Paragraph 45 of the Complaint, Ms. Rapkin denies those allegations.

46.    As to the allegations in Paragraph 46 of the Complaint, Ms. Rapkin denies those allegations.

47.    As to the allegations in Paragraph 47 of the Complaint, Ms. Rapkin admits that the counter-notice did not include the name, address, and telephone number of the Exposer. Ms. Rapkin denies the remaining allegations in Paragraph 47.

48.    As to the allegations in Paragraph 48 of the Complaint, Ms. Rapkin denies that "YouTube relied on Attorney Rapkin's sworn representations" and that

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

"YouTube's initiation of this process constituted reliance on the Counter-Notice within the meaning of § 512(f), and directly caused Plaintiff to incur damages in the form of emergency litigation costs necessary to prevent reinstatement." Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore denies those allegations.

49.     As to the allegations in Paragraph 49 of the Complaint, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

50.     As to the allegations in Paragraph 50 of the Complaint, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

51.     As to the allegations in Paragraph 51 of the Complaint, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

52.     As to the allegations in Paragraph 52 of the Complaint, Ms. Rapkin admits that plaintiff commenced this action. Ms. Rapkin denies that the counter-notice contained any false or misleading representations. Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 52 and therefore denies those allegations.

53.     As to the allegations in Paragraph 53 of the Complaint, Ms. Rapkin denies those allegations.

54.     As to the allegations in Paragraph 54 of the Complaint, Ms. Rapkin denies those allegations.

//

//

*__The Counter-Notice Contained Material Misrepresentations__*

55.    As to the allegations in Paragraph 55 of the Complaint, Ms. Rapkin denies those allegations.

56.    As to the allegations in Paragraph 56 of the Complaint, Ms. Rapkin admits that she did not view the entirety of all videos referenced in the counter-notice. Ms. Rapkin denies successfully submitting any counter-notice under the Digital Millenium Copyright Act and all remaining allegations in Paragraph 56.

57.    As to the allegations contained in Paragraph 57 of the Complaint, Paragraph 57 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

58.    **Category 1: Short Videos with No Commentary Whatsoever (8 videos):** As to the allegations contained in Paragraph 58 of the Complaint, Ms. Rapkin denies successfully submitting any counter-notice under the Digital Millenium Copyright Act. As to the remaining allegations, those allegations are not directed to Ms. Rapkin, therefore, no response is required. To the extent a response to those allegations is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies those allegations.

59.    **Category 2: Short Videos Featuring Publicly Available Government Footage (3 videos):** As to the allegations contained in Paragraph 59, including Footnote 2, of the Complaint, Paragraph 59 does not include allegations directed to Ms. Rapkin, therefore, no response is required. To the extent a response is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

60.    **Category 3: Videos with Trivial or Token Commentary (6 videos):** As to the allegations contained in Paragraph 60 of the Complaint, Ms. Rapkin denies successfully submitting any counter-notice under the Digital Millenium Copyright Act. As to the remaining allegations, those allegations are not directed to Ms. Rapkin, therefore, no response is required. To the extent a response to those allegations is deemed necessary, Ms. Rapkin is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies those allegations.

61.    As to the allegations in Paragraph 61 of the Complaint, Ms. Rapkin denies successfully submitting any counter-notice under the Digital Millenium Copyright Act. Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 61 and therefore denies those allegations.

62.    As to the allegations in Paragraph 62 of the Complaint, Ms. Rapkin denies successfully submitting any counter-notice under the Digital Millenium Copyright Act. Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 62 and therefore denies those allegations.

63.    As to the allegations in Paragraph 63 of the Complaint, Ms. Rapkin denies those allegations.

64.    As to the allegations in Paragraph 64 of the Complaint, Ms. Rapkin denies those allegations.

65.    As to the allegations in Paragraph 65 of the Complaint, Ms. Rapkin denies those allegations.

***Attorney Rapkin's Continuing Concealment Confirms Knowing and Material Misrepresentation***

66.    As to the allegations contained in Paragraph 66 of the Complaint regarding requirements under 17 U.S.C. § 512(g)(3)(D), those allegations are not

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

directed to Ms. Rapkin, therefore, no response is required. As to the remaining allegations in Paragraph 66 of the Complaint, Ms. Rapkin denies those allegations.

67.    As to the allegations in Paragraph 67 of the Complaint, Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's allegations regarding its knowledge as to the Exposer's identity. As to the remaining allegations in Paragraph 67, Ms. Rapkin denies those allegations.

68.    As to the allegations in Paragraph 68 of the Complaint, Ms. Rapkin admits that she has not yet publicly disclosed the true name, physical address, or phone number of the Exposer. As to the remaining allegations in Paragraph 68, those allegations are denied.

69.    As to the allegations in Paragraph 69 of the Complaint, Ms. Rapkin admits that she has not yet publicly disclosed the true name, physical address, or phone number of the Exposer. As to the remaining allegations in Paragraph 69, those allegations are denied.

70.    As to the allegations in Paragraph 70 of the Complaint, Ms. Rapkin denies those allegations.

71.    As to the allegations in Paragraph 71 of the Complaint, Ms. Rapkin denies those allegations.

72.    As to the allegations in Paragraph 72 of the Complaint, Ms. Rapkin denies those allegations.

73.    As to the allegations in Paragraph 73 of the Complaint, Ms. Rapkin denies those allegations.

74.    As to the allegations in Paragraph 74 of the Complaint, Ms. Rapkin denies those allegations.

75.    As to the allegations in Paragraph 75 of the Complaint, Ms. Rapkin denies those allegations.

/ /

/ /

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

***Attorney Rapkin Acted as a Procedural Proxy Rather Than Independent Counsel***

76.    As to the allegations in Paragraph 76 of the Complaint, Ms. Rapkin admits that she has not yet publicly disclosed the true name, physical address, or phone number of the Exposer. As to the remaining allegations in Paragraph 76, those allegations are denied.

77.    As to the allegations in Paragraph 77 of the Complaint, Ms. Rapkin denies those allegations.

78.    As to the allegations in Paragraph 78 of the Complaint, Ms. Rapkin denies those allegations.

79.    As to the allegations in Paragraph 79 of the Complaint, Ms. Rapkin denies those allegations.

80.    As to the allegations in Paragraph 80 of the Complaint, Ms. Rapkin denies those allegations.

81.    As to the allegations in Paragraph 81 of the Complaint, Ms. Rapkin denies those allegations.

82.    As to the allegations in Paragraph 82 of the Complaint, Ms. Rapkin denies making any "material misrepresentations" and denies successfully submitting any counter-notice under the Digital Millenium Copyright Act. As to the remaining allegations in Paragraph 82, those allegations are not directed to Ms. Rapkin and no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

/ /

/ /

/ /

/ /

/ /

## FIRST CAUSE OF ACTION

### Misrepresentation in Counter-Notifications under the DMCA

### (17 U.S.C. § 512(f))

### (Against Attorney Rapkin and the Exposer)

83.    As to the allegations contained in Paragraph 83 of the Complaint, Defendant repeats, reiterates, and realleges each and every answer in answers to Paragraphs 1 through 82, inclusive, with the same force and effect as if stated herein.

84.    As to the allegations in Paragraph 84 of the Complaint, Paragraph 84 contains conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to Ms. Rapkin.

85.    As to the allegations in Paragraph 85 of the Complaint, Ms. Rapkin denies those allegations.

86.    As to the allegations in Paragraph 86 of the Complaint, Ms. Rapkin denies those allegations.

87.    As to the allegations in Paragraph 87 of the Complaint, Ms. Rapkin denies those allegations.

88.    As to the allegations in Paragraph 88 of the Complaint, Ms. Rapkin denies those allegations

89.    As to the allegations in Paragraph 89 of the Complaint, Ms. Rapkin denies those allegations.

90.    As to the allegations in Paragraph 90 of the Complaint, Ms. Rapkin denies those allegations

91.    As to the allegations in Paragraph 91 of the Complaint, Ms. Rapkin denies those allegations.

/ /

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

92. As to the allegations in Paragraph 92 of the Complaint, Ms. Rapkin denies those allegations.

93. As to the allegations in Paragraph 93 of the Complaint, Ms. Rapkin denies those allegations.

## SECOND CAUSE OF ACTION

### Declaratory Judgment, 17 U.S.C. § 512(g)(2)(C) and 28 U.S.C. § 2201

### (Against the Exposer)

94. As to the allegations contained in Paragraph 94 of the Complaint, Defendant repeats, reiterates, and realleges each and every answer in answers to Paragraphs 1 through 93, inclusive, with the same force and effect as if stated herein.

95. As to the allegations contained in Paragraph 95 of the Complaint, those allegations are not directed to Ms. Rapkin and no response is required. To the extent a response is deemed necessary, Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies those allegations.

96. As to the allegations contained in Paragraph 96 of the Complaint, those allegations are not directed to Ms. Rapkin and no response is required. To the extent a response is deemed necessary, Ms. Rapkin denies all allegations contained in the said paragraph.

97. As to the allegations contained in Paragraph 97 of the Complaint, those allegations are not directed to Ms. Rapkin and no response is required. To the extent a response is deemed necessary, Ms. Rapkin denies all allegations contained in the said paragraph.

98. As to the allegations contained in Paragraph 98 of the Complaint, those allegations are not directed to Ms. Rapkin and no response is required. To the extent a response is deemed necessary, Ms. Rapkin lacks sufficient knowledge or

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

information to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies those allegations.

99.    As to the allegations contained in Paragraph 99 of the Complaint, those allegations are not directed to Ms. Rapkin and no response is required. To the extent a response is deemed necessary, Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies those allegations.

100.    As to the allegations contained in Paragraph 100 of the Complaint, those allegations are not directed to Ms. Rapkin and no response is required. To the extent a response is deemed necessary, Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies those allegations.

101.    As to the allegations contained in Paragraph 101 of the Complaint, those allegations are not directed to Ms. Rapkin and no response is required. To the extent a response is deemed necessary, Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies those allegations.

102.    As to the allegations contained in Paragraph 102 of the Complaint, those allegations are not directed to Ms. Rapkin and no response is required. To the extent a response is deemed necessary, Ms. Rapkin lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 102 and therefore denies those allegations.

## AFFIRMATIVE DEFENSES

As separate, alternative and affirmative defenses to plaintiff's Complaint, Defendant alleges:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each count, fails to state a claim against Defendant upon which relief can be granted.

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

**SECOND AFFIRMATIVE DEFENSE**

The Complaint and purported claims therein may be barred, precluded and/or limited by the statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because this Court lacks personal jurisdiction over Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred because plaintiff lacks the standing and/or capacity to bring this action.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because it lacks a valid copyright registration and/or ownership in the allegedly infringed works.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred because plaintiff's alleged copyrights are invalid and/or unenforceable.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for a lack of subject matter jurisdiction because plaintiff lacks valid copyright registrations for the intellectual property rights asserted, or has not properly or timely registered its works.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are due to the acts or omissions of persons or entities other than Defendant. However, in the event a finding is made that liability exists on the part of Defendant, Defendant is entitled to an allocation of liability and damages, indemnity and/or contribution from other liable persons or entities in direct proportion to each party's respective fault.

**NINTH AFFIRMATIVE DEFENSE**

The damages alleged in the Complaint were not proximately caused by any culpable conduct on the part of Defendant.

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

## TENTH AFFIRMATIVE DEFENSE

Defendant denies that plaintiff is entitled to the damages, attorneys' fees, or any other relief claimed in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claims therein are barred by the doctrines of *in pari delicto* and/or unclean hands.

## TWELVETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part because plaintiff failed to mitigate its damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claims therein may be barred, precluded or limited by the doctrines of waiver, laches and estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

The alleged copyrighted work that is the subject of plaintiff's Complaint may consist of material that is not original to plaintiff and does not constitute protectable copyrightable subject matter.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of plaintiff's alleged copyrightable material constitutes fair use.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of plaintiff's alleged copyrightable material constitutes *de minimis* use.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds of abandonment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds of copyright misuse.

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claims therein are barred by the doctrines of acquiescence and implied and/or express license.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the application of the Digital Millennium Copyright Act, 17 U.S.C. § 512 *et. seq.*

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for alleged misrepresentations in a counter-notification under the Digital Millennium Copyright Act, 17 U.S.C. § 512(f), are barred on the grounds that Defendant did not submit the counter-notification that is the subject of the litigation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for alleged misrepresentations in a counter-notification under the Digital Millennium Copyright Act, 17 U.S.C. § 512(f), are barred on the grounds that the service provider did not rely upon any such misrepresentation(s) in replacing the removed material or ceasing to disable access to it.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for alleged misrepresentations in a counter-notification under the Digital Millennium Copyright Act, 17 U.S.C. § 512(f), are barred on the grounds that Defendant did not knowingly materially misrepresent that  material or activity that was the subject of the at-issue counter-notification was removed or disabled by mistake or misidentification.

## TWENTY-FOURTHAFFIRMATIVE DEFENSE

Defendant alleges that she may have additional affirmative defenses available to her of which she is not now fully aware. Defendant reserves her right to add those affirmative defenses which she deems necessary to her defenses during or upon the conclusion of investigation and discovery.

/ /

**WHEREFORE**, Ms. Rapkin prays for judgment as follows:

1. That plaintiff takes nothing by reason of the Complaint and for judgment in favor of Defendant;

2. That Ms. Rapkin be awarded costs of suit incurred herein; and

3. For such other and further relief as the Court deems necessary, just and proper.

Dated: April 2, 2026

CLYDE & CO US LLP

By:_____
KEVIN R. SUTHERLAND
BRANDON K. FRANKLIN
JESSICA R. STONE
Attorneys for Defendant
LEE RAPKIN

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

## CERTIFICATE OF SERVICE

### STATE OF CALIFORNIA
### COUNTY OF SAN FRANCISCO

I am employed in the County of Orange, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 2020 Main Street, Suite 1100, Irvine, California 92614.

On April 2, 2026, I served the document(s) described as:

**LEE RAPKIN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

in the following manner:

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Clyde & Co US LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Francisco, California.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address gloria.zwibel@clydeco.us to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 2, 2026, at Irvine, California.

_____
Gloria Zwibel

44420174v4                                    -24-                        Case No. 5:25-cv-06048-NC
LEE RAPKIN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**SERVICE LIST**

Randall S. Newman
270 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: (212) 797-3735
Email: rsn@randallnewman.net

Attorney for Plaintiff
Executive Lens LLC


Steven C. Vondran
The Law Offices of Steven C.
Vondran, PC
One Sansome Street, St #3500
San Francisco, California 94104
Telephone: (877) 276-5084
Facsimile: (888) 551-2252
Email: steve@vondranlegal.com

Attorney for Defendant John Doe d/b/a
"The Exposer"

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800