# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

EXECUTIVE LENS LLC,

      Plaintiff,

    vs.

LEE RAPKIN and JOHN DOE dba "THE Exposer" www.youtube.com/@1aAudits Exposé,

      Defendants.

Case No. 25-cv-06048-NC

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

**Date:**   **May 13, 2026**
**Time:**   **10:00 a.m.**
**Place:**  **Videoconference**
**Judge:**  **Hon. Nathanael Cousins**

Pursuant to the Standing Order for All Judges of the Northern District of California; this Court's July 18, 2024 Order (ECF No. 4), September 22, 2025 Order (ECF No. 9), December 12, 2025 Order (ECF No. 15),  January 7, 2026 Order (ECF No. 25) and March 9, 2025 Order (ECF No. 36); and Federal Rule of Civil Procedure 16 and Civil L.R. 16-9, plaintiff Executive Lens LLC ("Plaintiff") and defendant Lee Rapkin ("Defendant Rapkin" or "Ms. Rapkin") (collectively, the "Parties") in the above-entitled action jointly submit this Amended Joint Case Management Statement & Proposed Order.

1

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

## I.    JURISDICTION & SERVICE

The Parties agree that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

The Parties further agree that venue is proper in this District. pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), as a substantial portion of the events giving rise to the claims occurred here.

### A.    Plaintiff's Position:

Personal jurisdiction is proper because Defendants expressly consented to jurisdiction in this District by submitting DMCA counter-notifications pursuant to 17 U.S.C. § 512(g)(3), which designate the Northern District of California as the appropriate forum for any action arising from the disputed takedowns.

### B.    Defendant Rapkin's Position:

Ms. Rapkin agrees that personal jurisdiction is proper as to Plaintiff's claim against her. Ms. Rapkin takes no position on whether personal jurisdiction over defendant JOHN DOE dba "THE Exposer" www.youtube.com/@1aAudits Exposé ("John Doe dba the Exposer" or "John Doe") is proper, and/or whether John Doe dba the Exposer, who has not yet appeared or been served, expressly, or otherwise, consented to jurisdiction in this District.

## II.    FACTS

### A.    Plaintiff's Statement of Facts

Plaintiff Executive Lens LLC is the owner, by written assignment, of the exclusive rights in and to the videos originally created and published by Christopher J. Cordova on the YouTube channel "Denver Metro Audits" (@DenverMetroAudits). In June and July 2025, Plaintiff identified 31 videos on the YouTube channel "1A Audits Exposé," operated anonymously under the alias "The Exposer," that incorporated substantial portions of Plaintiff's copyrighted works. Sixteen of those videos were Shorts and fifteen were long-form videos.

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

On July 4, 2025, Plaintiff submitted DMCA takedown notices ("Takedown Notices") to YouTube for 27 of the 31 videos. YouTube removed sixteen Shorts and one long-form video. The remaining ten long-form videos and three Shorts were placed in private mode by the channel owner.

On July 14, 2025, Ms. Rapkin submitted a blanket DMCA counter-notification to YouTube on behalf of the anonymous operator of the Exposé channel. The counter-notice purported to cover seventeen videos and asserted under penalty of perjury that each video was "significantly transformed by detailed editing and elaborate commentary throughout."

The counter-notice did not identify the client in whose name the counter-notification was submitted, despite the statutory requirement that a counter-notifying subscriber provide their name, address, and telephone number. Ms. Rapkin has refused to disclose the identity of the client since the filing of the complaint. The counter-notification also did not identify which specific videos were allegedly transformed, did not describe any transformative editing, and did not provide any factual basis for the assertion that all seventeen videos contained "elaborate commentary throughout," even though many of the videos at issue contain little or no commentary at all.

Plaintiff issued a subpoena under 17 U.S.C. § 512(h) to Google seeking the identity of the counter-notifying party and the operator of the Exposé channel. Google declined to provide that information and stated it would not comply with a § 512(h) subpoena under the circumstances presented. As a result, the identity of the Doe defendant remains unknown.

Plaintiff filed this action on July 17, 2025, seeking damages for material misrepresentations in the counter-notice and a declaration that the seventeen videos identified in the counter-notice do not qualify as fair use. Since the filing of the complaint, neither Ms. Rapkin nor Google has provided any identifying information regarding the individual behind the Exposé channel.

**B.    Defendants' Statement of Facts**

Plaintiff contends that Ms. Rapkin, a Canadian attorney, violated the Digital

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

Millennium Copyright Act ("DMCA") by representing in a DMCA counter-notice to YouTube (the "Counter Notice") that certain videos that her client allegedly posted to YouTube ("Subject Videos") fell within the fair use doctrine. In addition to Ms. Rapkin, Plaintiff has sued John Doe dba the Exposer, who was Ms. Rapkin's client. Plaintiff seeks to impose liability on Ms. Rapkin under the DMCA.

First, Plaintiff's claim fails because liability for a misrepresentation in a counter-notice under 17 U.S.C. § 512 of the DMCA exists *only* where damages occurred because the online service provider (here, YouTube) relied on the misrepresentation "in *replacing* the removed material or ceasing to disable access to it." 17 U.S.C. § 512(f)(2) (emphasis added). As Plaintiff concedes in the complaint, YouTube *has not* reinstated access to the Subject Videos. While the Court declined to dismiss the complaint on this basis (Order – ECF No. 37), Ms. Rapkin reserves the right to challenge that ruling on appeal and may file a motion for leave to seek reconsideration if new law or facts would support such a motion.

Second, Plaintiff theorizes that Ms. Rapkin "falsely represented" in the Counter Notice: "(1) that each of the 17-Videos [Subject Videos] 'was significantly transformed by detailed editing and elaborate commentary throughout'; and (2) that each video was protected by fair use and removed 'due to a mistake or misidentification.'" Compl. ¶ 54. Defendant Rapkin did not act with subjective bad faith or with actual knowledge of material falsity with respect to either alleged misrepresentation.. While the Court found that the alleged facts were sufficient to survive a motion to dismiss (Order – ECF No. 37), Ms. Rapkin will demonstrate that she did not act with subjective bad faith or with actual knowledge of material falsity through a motion for summary judgment.

## III.   LEGAL ISSUES

1.      Whether Plaintiff is the owner of copyrighted works that Plaintiff alleges were infringed by John Doe dba the Exposer in the videos that are the subject of Plaintiff's Takedown Notices.

2.      Whether John Doe dba the Exposer's alleged use of Plaintiff's copyrighted video content in the videos that are the subject of Plaintiff's complaint amounted to

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

copyright infringement, including whether John Doe dba the Exposer's alleged use of the videos was subject to protection under the fair use doctrine. *See* 17 U.S.C. § 107.

3.     Whether Defendants' DMCA counter-notification contained material misrepresentations in violation of 17 U.S.C. § 512(f).

4.     Whether Ms. Rapkin's refusal to identify the subscriber who operates that 1a Audits Exposé is a violation of 17 U.S.C. §§ 512(f) and (g).

5.     Whether Plaintiff can establish liability for violations of the DMCA (17 U.S.C. § 512(f)) in light of the fact that YouTube never replaced the videos that are the subject of Plaintiff's complaint.

6.     Whether Plaintiff can force Ms. Rapkin's to disclose the identity of her former client, John Doe or The Exposer (i.e., the subscriber who operates that 1a Audits Exposé).

7.     Whether Plaintiff alleged facts in the Amended Complaint (ECF No. 20) that, if true, could establish that Ms. Rapkin "knowingly materially misrepresented" that YouTube "removed or disabled by mistake or misidentification" the videos that are the subject of Plaintiff's complaint and establish a violation under the DMCA

8.     Whether Plaintiff is entitled to damages, injunctive relief, or attorneys' fees under the Copyright Act or the DMCA.

## IV.    MOTIONS

Ms. Rapkin filed a Moton to Dismiss, seeking an order dismissing Plaintiff's Amended Complaint (ECF No. 20) against Ms. Rapkin, in its entirety and without leave to amend, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On March 19, 2026, the Court issued an order denying the motion to dismiss. Order – ECF No. 37. Ms. Rapkin may pursue a motion for reconsideration regarding the Court's order denying the motion to dismiss, as appropriate, and further anticipates pursuing other dispositive motions, including, without limitation, a motion for summary judgement.

On December 18, 2023, Plaintiff and Ms. Rapkin submitted a Joint Discovery Letter, addressing Plaintiff's request for an order compelling Ms. Rapkin to disclose the name and physical address of John Doe dba the Exposer. Disc. Ltr. Brief – ECF No. 18. This dispute

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

has been fully briefed. *See* Opp'n & Replies – ECF Nos. 33-35. Indeed, on February 17, 2026, John Doe submitted an opposition to plaintiff's request for an order compelling the disclosure of John Doe's identify. *See* Opp'n – ECF No. 33. On March 9, 2025, the Court issued a notice, advising that the Court will decide Plaintiff's motion for an order compelling Ms. Rapkin to disclose the identity of John Doe on the papers. Order – ECF No. 36. To date, the Court has not issued an order on the motion.

Because John Doe has now appeared through counsel Steven Vondran in this action to oppose the disclosure of John Doe's identity (Opp'n – ECF No. 33), Plaintiff has an alternative avenue to effect service on John Doe. *Lorie Atwater v. Cnty. of Los Angeles, et al. Additional Party Names: Los Angeles Cnty., Nicholas Dyer*, No. CV 24-1371-FWS (AS), 2026 WL 413622, at *4 (C.D. Cal. Jan. 14, 2026) (permitting alternative service on counsel who had "contact with [unserved defendant] and has filed documents on [unserved defendant's] behalf in this lawsuit"); *see also Cordova v. Huneault*, No. 25-cv-04685-VKD, 2025 WL 2637504, at *4 (N.D. Cal. Sept. 12, 2025) (authorizing alternative service in DMCA action); *Cong v. Zhao*, No. 2:21-CV-01703-TL, 2023 WL 7000888, at *1 (W.D. Wash. Oct. 24, 2023) (alternative service where DMCA counter notification identified subscriber's former lawyer, who did not accept service). The Court should thus deny Plaintiff's demand for Ms. Rapkin to disclose John Doe's identity and contact information so that Plaintiff can effect service. Plaintiff contends that it cannot serve John Doe, an anonymous defendant without first identifying him and that Ms. Rapkin's suggestion that alternative service can be effectuated on an anonymous party is not supported by applicable case law.

## V.    AMENDMENT OF PLEADINGS

On December 30, 2025, Plaintiff filed a First Amended Complaint. Am. Compl. – ECF No. 20. Defendant, Ms. Rapkin, timely filed her answer to the Amended Complaint on April 2, 2026. *See* Ans. – ECF No. 40.  Plaintiff intends to file a Second Amended Complaint after identifying the John Doe defendant.

/ /

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

## VI.    EVIDENCE PRESERVATION

The Parties certify that they have reviewed the ESI Guidelines, and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

The Parties do not anticipate any issues concerning evidence preservation at this time but will promptly raise any disputes with the Court if they arise.

## VII.    DISCLOSURES

### A.    Plaintiff's Position

The Parties' Rule 26(a)(1) Initial Disclosures were due on December 10, 2025,. Plaintiff timely served its disclosures on that date.

### B.    Defendant Rapkin's Position

Ms. Rapkin served Rule 26(a) Initial Disclosures on December 10, 2025, which identified John Doe as a person likely to have discoverable information in her Initial Disclosures. After further investigation, Ms. Rapkin amended her disclosures to clarify that she does not presently intend to rely on evidence from John Doe. Ms. Rapkin's First Amended Initial Disclosures were served on December 19, 2025

## VIII.    DISCOVERY

No discovery has been propounded to date. The Parties have discussed the scope of anticipated discovery and agree that discovery should proceed in accordance with the Federal Rules of Civil Procedure and this Court's local rules.

Given the limited volume of electronically stored information (ESI) anticipated, the Parties do not presently expect to require e-discovery vendors, formal search protocols, or specialized review platforms. The Parties will cooperate in good faith to exchange relevant materials in native or reasonably usable format and will meet and confer regarding a stipulated E-Discovery Order if the need arises.

/ /

7

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

## IX.        CLASS ACTION

This is not a class action.

## X.         RELATED CASES

There are no related cases.

## XI.        RELIEF

### A.    Plaintiff's Position

Plaintiff seeks relief under 17 U.S.C. § 512(f) for Defendants' alleged knowing and material misrepresentations in DMCA counter-notifications submitted to YouTube, including recovery of actual damages, expenses, and attorneys' fees.

Plaintiff seeks declaratory and injunctive relief prohibiting Defendants from further using, publishing, monetizing, or reposting the videos 17 videos identified in the counter-notice sent to YouTube.

### B.    Defendants' Position:

In view of the order denying Ms. Rapkin's Motion to Dismiss, Ms. Rapkin reserves the right to seek leave for reconsideration if supported by changes in fact or law and further reserves the right to move for judgment on the pleadings pursuant to Rule 12(c). Furthermore, Ms. Rapkin intends to move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Ms. Rapkin prays for judgment as follows:

1.      That Plaintiff takes nothing by reason of Plaintiff's complaint (ECF No. 1) and for judgment in favor of Defendant Rapkin;

2.      That Defendant Rapkin be awarded costs of suit incurred herein; and

3.      For such other and further relief as the Court deems necessary, just and proper.

## XII.       SETTLEMENT AND ADR

Pursuant to ADR Local Rule 3-5, the Parties have reviewed the ADR Handbook, discussed it with their counsel, and come to the following conclusions: the parties are open to a Settlement Conference with a Magistrate Judge. In this respect, counsel for Ms. Rapkin has inquired with Plaintiff's counsel on whether Plaintiff intends to submit a demand.

8

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

Plaintiff sent a demand to Ms. Rapkin's counsel on April 25, 2026 and Ms. Rapkin has not responded. The parties expect to conduct informal settlement discussions over the next 60 days.

## XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties who have been severed and appeared in the action, Plaintiff and Ms. Rapkin, consent to the jurisdiction of Magistrate Judge Cousins for all purposes.

## XIV.    OTHER REFERENCES

The Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

## XV.  NARROWING OF ISSUES

The parties do not believe that it is possible to narrow the issues at this time. The parties anticipate potential narrowing after discovery on ownership and counter-notice authenticity.

## XVI.    EXPEDITED TRIAL PROCEDURE

The Parties do not believe that this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

## XVII.    SCHEDULING

| Event | Proposed Deadline |
| --- | --- |
| Completion of Fact Discovery | December 18, 2026 |
| Expert Disclosures | February 12, 2027 |
| Rebuttal Expert Disclosures | March 12, 2027 |
| Completion of Expert Discovery | April 16, 2027 |
| Deadline to File Dispositive Motions | May 14, 2027 |
| Pretrial Conference | July 30, 2027 |
| Bench Trial (Estimated 2 days) | September 24, 2027 |

## XVIII.    TRIAL

The Parties consent to a bench trial (estimated 2 days).

/ /

9

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

**XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff has filed the required certification; no non-party interested entities other than Google LLC (YouTube) may be implicated.

Defendant Rapkin has filed the required certification and identified the following entities that have a financial interest and/or other interest in the subject matter in controversy: (1) BLP Avocats; and (2) Fonds d'assurance responsabilité professionnelle du Barreau du Québec.

**XX.    PROFESSIONAL CONDUCT**

Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California and will comply.

**XXI.    OTHER**

**A.    Status of Service on John Doe dba the Exposer**

To date, Plaintiff has not effected service on John Doe.

*1.    Plaintiff's Position*

Plaintiff cannot effectuate service on John Doe because the identity of the defendant remains unknown. Ms. Rapkin's position, that Plaintiff may serve an unidentified individual through counsel while simultaneously withholding the client's identity, creates a procedural impossibility and deprives Plaintiff of a meaningful opportunity to effect service consistent with due process.

The authorities cited by Ms. Rapkin are inapposite. In each instance, the defendant's identity was known or ascertainable, and the court permitted alternative service. Here, by contrast, Ms. Rapkin seeks to rely on privilege to prevent disclosure of the client's identity while also asserting that Plaintiff must proceed with service against an unidentified party. That position is not supported by the cited authorities and, if accepted, would effectively insulate anonymous defendants from service altogether.

/ /

/ /

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

Plaintiff therefore maintains that disclosure of the subscriber's identity is necessary to effectuate service and proceed with this action in a manner consistent with the Federal Rules of Civil Procedure.

**2.      *Defendant's Position***

As addressed in further detail in ECF Nos 18, and 34, Ms. Rapkin contends that the attorney-client privilege, and her corresponding duty of confidentiality, preclude her from disclosing the identity of John Doe, her former client. Moreover, Ms. Rapkin contends that an order compelling the disclosure of John Doe's identity is not necessary for Plaintiff to effect service on John Doe, because John Doe has appeared in this matter through counsel. (ECF No. 33.) As such, plaintiff has another, more appropriate, avenue through which to attempt to effect service of the complaint. *See Lorie Atwater v. Cnty. of Los Angeles, et al. Additional Party Names: Los Angeles Cnty., Nicholas Dyer*, No. CV 24-1371-FWS (AS), 2026 WL 413622, at *4 (C.D. Cal. Jan. 14, 2026) (permitting alternative service on counsel who had "contact with [unserved defendant] and has filed documents on [unserved defendant's] behalf in this lawsuit"); *BP Prods. N. Am., Inc. v. Dagra,* 232 F.R.D. 263, 265 (E.D. Va. 2005) (service on defendant's counsel in unrelated case was ordered based on showing that defendant's whereabouts were unknown, that he had been evading service and other attempted methods had failed, but he was in communication with counsel on unrelated case); *see also Cordova v. Huneault*, No. 25-cv-04685-VKD, 2025 WL 2637504, at *4 (N.D. Cal. Sept. 12, 2025) (authorizing alternative service in DMCA action).

**B.      Plaintiff's Counsel' Comments on Ms. Rapkin**

Counsel for Ms. Rapkin has learned that Plaintiff's counsel made certain crude comments regarding Ms. Rapkin in a video posted to YouTube by subscriber "Dr. Dave Frauditor Terminator" on or about February 9, 2026.

**1.      *Plaintiff's Position***

Plaintiff objects to inclusion of this issue in the Joint Case Management Statement because it is unrelated to any claim, defense, scheduling issue, or other proper case management matter.

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

Plaintiff denies that any alleged statements made outside of this litigation are relevant to any claim or defense in this action or appropriate for inclusion in a case management statement. . The statements referenced by Ms. Rapkin were allegedly made in or about January 2026, and Plaintiff's counsel has made no such statements at any time thereafter. Any statements referenced by Ms. Rapkin were made during a ***private*** conversation that was recorded and later published to YouTube without counsel's knowledge or consent. Plaintiff is informed and believes that such recording and publication violates Florida's two-party consent statute.

Plaintiff further denies Ms. Rapkin's assertion that Plaintiff's counsel knew or reasonably should have known that the conversation at issue was being recorded or would later be disseminated publicly on YouTube. To the contrary, Plaintiff's counsel was ***expressly informed*** during the conversation that it was not being recorded. Accordingly, and contrary to Ms. Rapkin's characterization, Plaintiff's counsel has not made ***any public*** statements regarding Ms. Rapkin or her character. Plaintiff further denies that any such allegations warrant judicial intervention or any form of relief in this proceeding.

### 2. *Defendant's Position*

The Northern District's Standing Order on Civility and Professionalism ("Local Civility Rules") provides that, counsel should "[a]bstain from conduct that demeans the dignity of the Court, the opposing party, or the profession" and warns that "[p]ersonal attacks, inflammatory language, discriminatory statements, or abusive tactics will not be tolerated." The Local Civility Rules authorize the Court to impose appropriate sanctions, including admonishment on the record. Moreover, Local Rule 11-6 explicitly authorizes the judge to refer the matter to the Northern District Court's Standing Committee on Professional Conduct, in the event that judge "has cause to believe" that the attorney "has engaged in unprofessional conduct." L.R. 11-6(a). Counsel for Ms. Rapkin respectfully requests that the Court issue an order directing Plaintiff's counsel to refrain from making any further public comments regarding Ms. Rapkin or her character during the pendency of this litigation.

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

In light of the context in which the statements were made by Plaintiff's counsel, Ms. Rapkin has reasonable grounds to believe (1) that Plaintiff's counsel made such extrajudicial statements knowing that they were being recorded, and/or (2) that Plaintiff's counsel knew or reasonably should have known that the extrajudicial statements would be disseminated to the public.

By signing this Joint Case Management Statement and [Proposed] Order, the counsel for each party listed below concur in its filing.

Dated: May 6, 2026

By: /s/ *Randall S. Newman*
Randall S. Newman, Esq. (190547)
270 Madison Ave., 10th Floor
New York, NY 10016
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Executive Lens, LLC*

Dated: May 6, 2026

CLYDE & CO US LLP

By: */s/ Brandon K. Franklin*
KEVIN R. SUTHERLAND
BRANDON K. FRANKLIN
JESSICA R. STONE

150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
Email: kevin.sutherland@clydeco.us
      brandon.franklin@clydeco.us
      jessica.stone@clydeco.us

*Attorneys for Defendant.*
*Lee Rapkin*

13
**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

**<u>ATTESTATION PURSUANT TO L.R. 5-1(i)</u>**

I attest that each of the other signatories have concurred in and authorized the filing of this document. I have maintained a written record of that consent.

Dated: May 6, 2026                    */s/ Brandon K. Franklin*
                                              BRANDON K. FRANKLIN

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

## CASE MANAGEMENT ORDER

The above AMENDED JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.


Dated: _____

_____
NATHANAEL COUSINS
UNITED STATES MAGISTRATE JUDGE

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF ORANGE**

I am employed in the County of Orange, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 2020 Main Street, Suite 1100, Irvine, California 92614.

On <u>May 6, 2026</u>, I served the document(s) described as:

**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

on the parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

in the following manner:

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Clyde & Co US LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Irvine, California.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address gloria.zwibel@clydeco.us to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 6, 2026, at Irvine, California.

_____
Gloria Zwibel

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

**SERVICE LIST**

Randall S. Newman
270 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: (212) 797-3735
Email: rsn@randallnewman.net

Attorneys for Plaintiff
Executive Lens LLC

CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800

42535160v1                                    -2-                      Case No. 5:25-cv-06048-NC
CERTIFICATE OF SERVICE